IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: § | CASE NO. | 18-41971 |
| § | | |
| JEREMY DARRELL ARCHER and § | | |
| KRISTEN LEANN ARCHER § | | |
| § | | |
| DEBTORS § | CHAPTER | 7 |

| | | |
|---|---|---|
| GUARANTY BANK & TRUST, N.A. § | | |
| Plaintiff, § | | |
| § | | |
| v. § | ADVERSARY NO. 18-_____ | |
| § | | |
| JEREMY ARCHER AND § | | |
| KRISTEN ARCHER, § | | |
| Defendants. § | | |

COMPLAINT OBJECTING TO THE DEBTORS'
DISCHARGE AND TO THE DISCHARGE OF A DEBT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW GUARANTY BANK & TRUST ("GB&T"), and files this Complaint Objecting to the Debtors' Discharge and to the Discharge of a Debt and in support would show the Court as follows:

I. JURISDICTION

1.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157.  This is a core proceeding pursuant to  28 U.S.C. §157(b)(2)(I) and (J). Specifically, this is a proceeding objecting to the discharge of a debt pursuant to 11 U.S.C. **§523(a)(2)(A)and(B) and(4)** and to the Debtors' discharge under 11 U.S.C. **§727(a)(2) and (4)(A).**

II. PARTIES

2.   Plaintiff is a national banking association with its principal place of business at 100

W. Arkansas, Mt. Pleasant, TX 75455. Plaintiff is a creditor and party in interest in the above styled and numbered bankruptcy case

3. Defendant Jeremy Archer is an individual who is one of the Debtors in the above-styled and numbered bankruptcy case and may be served at 2305 Wildwood Ln, Paris, Texas 75462.

4. Defendant Kristen Archer is an individual who is one of the Debtors in the above styled and numbered bankruptcy case and may be served at 2305 Wildwood Ln, Paris, Texas 75462.

### III. FACT ALLEGATIONS

5. GB&T is the owner and holder of a Note made by Jeremy Archer and Kristen Archer in the original amount of $48,654.61 dated July 20, 2015 (Loan No. Ending 0304, the "**Archer Note**"). The Archer Note is a demand note payable in full immediately upon GB&T's demand. All conditions precedent for GB&T to demand payment of the Archer Note have occurred. Defendants have defaulted on the Archer Note.

6. In order to secure payment of the Archer Note, Jeremy Archer executed a Commercial Security Agreement dated July 20, 2015, as the Managing Member of ARCHCO Superior Construction, L.L.C., ("**ARCHCO**") granting GB&T a security interest in a 2010 Kearney Flatbed Trailer (VIN ending 1022675). GB&T perfected its lien by notation on the certificate of title.

7. GB&T is the owner and holder of a Note made by ARCHCO in the original amount of $181,631.81 dated April 2, 2018 (Loan No. ending 0285, the "**ARCHCO Note**"). The ARCHCO Note is a demand note payable in full immediately upon GB&T's demand. On or about May 11, 2018, GB&T accelerated all principal, interest and fees due under the ARCHCO Note and demanded payment of the ARCHCO Note in full. ARCHCO Superior Construction, L.L.C. has defaulted on the ARCHCO Note and failed to pay the ARCHCO Note as demanded by GB&T.

8. Defendants executed personal guaranties guarantying to GB&T the full indebtedness due GB&T under the ARCHCO Note. Defendants have breached the guaranties by failing to pay GB&T the balances due on the ARCHCO Note. All conditions precedent to demand payment of the guaranties have occurred.

9. In order to secure payment of the ARCHCO Note: (a) Defendant Jeremy Archer executed a Commercial Security Agreement dated April 2, 2018, granting GB&T a security interest in a 2013 Cargo Trailer (VIN ending 014953) and a 2014 Kawasaki MV (VIN ending 100115) and a second Commercial Security Agreement dated the same date granting GB&T a security interest in a New Holland Tractor (Serial Number ending 20000); (b) Defendant Kristen Archer executed a Commercial Security Agreement dated April 2, 2018, granting GB&T a security interest in a 1996 FEAT Trailer (VIN ending 564759) and also executed a Commercial Security Agreement dated the same date granting GB&T a security interest in a New Holland Tractor (Serial Number ending 20000); and (c) Jeremy Archer executed a Commercial Security Agreement dated April 2, 2018, as the Managing Member of ARCHCO Superior Construction, L.L.C., granting GB&T a security interest in all accounts, 2013 Kawasaki MV (VIN ending 502962), 2009 Lamar Trailer (VIN ending 002176), and 2010 Kearney Flatbed trailer (VIN ending 1022675). GB&T perfected its liens by notation on the certificates of title and by filing Financing Statements on the New Holland Tractor and accounts.

10. On or about September 3, 2018, Defendants filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code.

11. At the time the bankruptcy case was filed, the unpaid balance of the Archer Note was **$15,342.02** and the unpaid balance of the ARCHCO Note was **$188,971.36.** The balances continue

to accrue interest and GB&T continues to incur expenses to enforce its rights. All conditions precedent have been performed or have occurred, and the balances set forth above are due and payable by Defendants.

12. On September 12, 2018, Defendants filed their Schedules and Statement of Financial Affairs. The Defendants signed the Schedules and Statement of Financial Affairs, declaring under penalty of perjury that the answers were true and correct. Defendants appeared at their creditors' meeting in this case and testified under oath that the information in their Schedules and Statement of Financial Affairs was true and correct. The Defendants further testified that the Schedules listed all of their assets.

## IV. OBJECTION TO DISCHARGE OF A DEBT

### A.    OBJECTION UNDER 11 U.S.C. §523(a)(2)(A)

13. Defendants obtained money or an extension, renewal, or refinancing of credit from GB&T by false pretenses, a false representation, or actual fraud, other than a statement respecting the Defendants' or an insider's financial condition. Defendants represented to GB&T in connection with the Archer Note that they and/or ARCHCO owned and were authorized to grant GB&T a security interest in a 2010 Kearney Flatbed Trailer (VIN ending 1022675), and represented to GB&T in connection with the ARCHCO Note that they and/or ARCHCO owned and were authorized to grant GB&T a security interest in the 2010 Kearney Flatbed Trailer (VIN ending 1022675), and a 2013 Cargo Trailer (VIN ending 014953), 2014 Kawasaki MV (VIN ending 100115), New Holland Tractor (Serial Number ending 20000), 1996 FEAT Trailer (VIN ending 564759), 2013 Kawasaki MV (VIN ending 502962), and 2009 Lamar Trailer (VIN ending 002176) (the "**Equipment**"). Defendants made these representations for the purpose of obtaining an extension, renewal or

refinancing of the debt evidenced by the Archer Note and ARCHCO Note. These representations were materially false to the extent that the Defendants and/or ARCHCO did not own and/or did not have authority to grant a security interest in one or more pieces of the Equipment. Defendants knew these representations were false and made them with the intent that GB&T rely upon them. GB&T reasonably relied on these representations, which proximately caused damages to GB&T of at least **$201,313.38**. The debt owed to GB&T should be excepted from discharge pursuant to 11 U.S.C. §523(a)(2)(A).

**B.     OBJECTION UNDER 11 U.S.C. §523(a)(2)(B)**

14.     Defendants obtained money or an extension, renewal, or refinancing of credit from GB&T: (a) by use of a statement in writing; (b) that was materially false; (c) respecting the Defendants' or an insider's financial condition; (d) on which GB&T, the creditor to whom the Defendants are liable for such credit reasonably relied; and (e) that the Defendants caused to be made or published with intent to deceive. Defendants induced GB&T to loan funds and/or renew and extend loans to ARCHCO and Defendants by use of financial documents and account receivable statements purporting to show that ARCHCO was a business with outstanding accounts receivable exceeding 2.9 million dollars, when in fact, the receivables were grossly overstated and worth almost nothing. The written statements were materially false. GB&T reasonably relied upon the financial documents and accounts receivable statements in making and/or renewing and extending the loan to ARCHCO. Defendants are the principals and owners of ARCHCO and benefitted from the fraud perpetrated on GB&T. Defendants executed personal guaranties guarantying payment of the ARCHCO Note. Defendants submitted the false financial information to GB&T with intent to deceive GB&T and in fact deceived GB&T, proximately causing damages to GB&T of at least

**$188,971.36**. The debt owed to GB&T should be excepted from discharge pursuant to 11 U.S.C. §523(a)(2)(B).

**C.      OBJECTION UNDER 11 U.S.C. §523(a)(4)**

15.     Defendants' debt to GB&T is for fraud or defalcation while acting in a fiduciary capacity.[1] Defendants as managing members of ARCHCO owed a fiduciary duty to ARCHCO, and to the creditors of ARCHCO upon the insolvency of ARCHCO. Defendants breached their fiduciary duty to GB&T by failing to act in the interests of GB&T after ARCHCO became insolvent. In particular but not by way of limitation, Defendants failed to preserve the property which secures GB&T's claim. Defendants consciously disregarded or were willfully blind to a substantial and unjustifiable risk that their conduct would violate their fiduciary duty to GB&T, proximately causing damages to GB&T of at least **$188,971.36**. The debt owed to GB&T should be excepted from discharge pursuant to 11 U.S.C. §523(a)(4).

V. OBJECTION TO DISCHARGE

**A.      OBJECTION UNDER 11 U.S.C. §727(a)(2)**

16.     Defendants, with intent to hinder, delay, or defraud GB&T, have transferred, removed, or concealed, or have permitted to be transferred, removed, or concealed property of the Defendants, within one year before the date of the filing of the petition, or property of the estate after the date of the filing of the petition. Upon information and belief, Defendants have transferred, removed and/or concealed one or more of the pieces of Equipment. Furthermore, Defendants failed

---

[1] In re *Karim A. Rajabali*, 365 B.R. 702 (Bankr. S.D. Texas, 2007); *Carrieri v. Jobs.com Inc.*, 393 F.3d 508, 534, n. 24 (5th Cir.2004) (citing *Weaver v. Kellogg*, 216 B.R. 563, 583–84 (S.D.Tex.1997)). Director's and officer's fiduciary duties are not directly to creditors; rather, when a corporation is insolvent, creditors have the ability to enforce such duties which continue to exist as to the corporation. See *Floyd v. Hefner*, No. H–03–5693, 2006 WL 2844245, at *10 (S.D.Tex. Sept.29, 2006)2 (citing *709 *Fagan*, 494 S.W.2d at 628). But see *Davis v. Aetna Acceptance Co.* 55 S. Ct. 151 (1934).

to list all of their assets in their Schedules. Defendants discharge should be denied pursuant to 11 U.S.C. §727(a)(2)(A).

**B.    OBJECTION UNDER 11 U.S.C. §727(a)(4)(A)**

17.    Defendants knowingly and fraudulently, in or in connection with their bankruptcy case, made a false oath or account. The Schedules which Defendants signed under oath failed to list all of their assets. The Statement of Financial Affairs which Defendants signed under oath included false and misleading statements and omissions which were material. Furthermore, Defendants testified under oath at their 341(a) creditors' meeting that their Schedules and Statement of Financial Affairs were true and correct, when in fact the Schedules and Statement of Financial Affairs were not true and correct and contained material omissions. In particular, but not by way of limitation, Defendants failed to identify property that the Defendants held for ARCHCO, property transferred within two years prior to filing their bankruptcy petition and financial institutions and creditors to whom they gave financial statements within two years prior to filing their bankruptcy petition. Defendants knew that their sworn declarations and answers that they gave under oath at the creditors' meeting were not true and correct. Defendants discharge should be denied pursuant to 11 U.S.C. §727(a)(4)(A).

VI. DAMAGES AND ATTORNEY'S FEES AND COSTS

18.    In addition to the actual damages for which Plaintiff sues, Defendants' conduct entitles GB&T to recover punitive and exemplary damages, for which GB&T sues.

19.    Plaintiff sues the Defendants jointly and severally for reasonable attorney's fees, expenses and costs it has incurred in preparation and trial of this case and any appeal pursuant to the terms of the Archer Note, ARCHCO Note, the personal guaranties and Chapter 38 of the Texas Civil

Practice and Remedies Code.

WHEREFORE, GUARANTY BANK & TRUST prays upon trial of this case, that the Court enter judgment against Defendants: (I) for actual damages, punitive and exemplary damages, reasonable attorney's fees, expenses, costs and interest as allowed by law, (ii) denying their discharge or alternatively, denying the discharge of the debt; and (iii) for such other and further relief to which it may be entitled.

Respectfully Submitted,

MCNALLY & PATRICK L.L.P

By: /s/ Glen Patrick
State Bar I.D. #15579500
ATTORNEYS FOR GUARANTY BANK & TRUST
100 E. Ferguson St., Ste 400
Tyler, Texas 75702
Telephone No. 903/597-6301
Facsimile No. 903/597-6302